THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PEDRO M. VILELA,<br><br>  Plaintiff,<br><br>v.<br><br>OFFICE OF RECOVERY SERVICES; STATE OF UTAH CHILD SUPPORT ENFORCEMENT; LIESA STOCKDALE in her official and private capacity; UTAH COUNTY FOURTH DISTRICT COURT; AMY JONKHART, in her official and private capacity; and MARIAN H. ITO, in her official and private capacity,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [29] OBJECTION TO CLERK'S ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT AND OVERRULING [30] OBJECTION TO MAGISTRATE JUDGE DECISION TO DISTRICT COURT RE ORDER GRANTING MOTION FOR EXTENSION OF TIME TO ANSWER**<br><br>Case No. 2:22-cv-00699-DBB-DBP<br><br>District Judge David Barlow |

Plaintiff Pedro M. Vilela ("Mr. Vilela") objects to orders issued by Chief Magistrate Judge Dustin B. Pead and the Clerk of Court. On January 3, 2022, Mr. Vilela filed his Objection to Magistrate Judge Decision to District Court re Order Granting Motion for Extension of Time to Answer,[1] and his Objection to Clerk's Order Denying Motions for Entry of Default.[2] For the reasons stated below, the court overrules both objections.

## BACKGROUND

On November 16, 2022, Mr. Vilela filed his Amended Complaint against Defendants Office of Recovery Services ("Recovery Services"), State of Utah Child Support Enforcement

---

[1] Obj. to Mag. J. Decision to Dist. Ct. re Order Granting Mot. for Extension of Time to Answer ("Obj. to Extension of Time"), ECF No. 30, filed Jan. 3, 2023.
[2] Obj. to Clerks Order Denying Mots. for Entry of Default ("Obj. to Clerk's Order"), ECF No. 29, filed Jan. 3, 2023.

("Utah Child Enforcement"), Liesa Stockdale ("Ms. Stockdale"), Utah County Fourth District Court, Amy Jonkhart, and Marian H. Ito (collectively "Defendants").[3] On November 25, 2022, the summonses for Recovery Services, Utah Child Enforcement, and Ms. Stockdale were returned executed.[4] As such, their answers were due on December 16, 2022.[5] Three days after the deadline had passed, Mr. Vilela moved for entry of default against the three defendants on the basis that "there ha[d] been a failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure."[6]

On December 21, 2022, Defendants filed their Memorandum in Opposition,[7] Motion to Dismiss for Failure to State a Claim,[8] and Motion for Extension of Time to File Answer re Complaint.[9] On December 25, 2022, Mr. Vilela filed a combined opposition to Defendants' motion for an extension and reply to the motion for default.[10]

The Clerk of Court denied Mr. Vilela's motions for entry of default on December 30, 2022.[11] On the same day, Judge Pead granted Defendants' motion for an extension of time to answer the Amended Complaint under the authority of 28 U.S.C. § 636(b)(1)(B).[12] Mr. Vilela filed the instant objections on January 3, 2023. Pursuant to local rules of civil practice, a response is not required.[13]

---

[3] Am. Compl., ECF No. 12, filed November 16, 2022.
[4] ECF Nos. 14–16.
[5] *See* Fed. R. Civ. P. 12(a)(1)(A)(i).
[6] ECF Nos. 20–22.
[7] Mem. in Opp'n re Motions for Entry of Default ("Opp'n to Default"), ECF No. 24, filed Dec. 21, 2022.
[8] ECF No. 23.
[9] Mot. to Extend Time to Answer or Otherwise Respond to Pl. Compl. ("Mot. to Extend"), ECF No. 25, filed Dec. 21, 2022.
[10] ECF No. 26.
[11] Order Denying Mots. for Entry of Default ("Order Denying Default"), ECF No. 27, filed Dec. 30, 2022.
[12] ECF No. 28.
[13] *See* DUCivR 72-3.

**STANDARD**

When reviewing an objection to a magistrate judge's non-dispositive ruling, the court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[14] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[15] The court will "set aside the magistrate judge's order" as contrary to law "if it applied an incorrect legal standard."[16]

**DISCUSSION**

Mr. Vilela objects to Judge Pead's order granting Defendants an extension to answer the Amended Complaint and the Clerk's denial of his motions for entry of default. The court addresses each objection in order.

I. **The Court Overrules the Objection to the Magistrate Judge's Order Granting Defendant's Motion for Extension of Time.**

Objecting to Judge Pead's order, Mr. Vilela asserts that the court must recuse or disqualify Judge Pead, vacate his order, and deny Defendants' motion as a matter of law. He offers several arguments in support. "Because Mr. [Vilela] filed his motion pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers."[17] "But the court does not assume the role of advocate for [Mr. Vilela]."[18]

---

[14] Fed. R. Civ. P. 72(a).
[15] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).
[16] *Vivint, Inc. v. Alarm.com Inc.*, No. 2:15-cv-392, 2020 WL 3871346, at *5 (D. Utah July 9, 2020) (cleaned up).
[17] *United States v. García-Patiño*, No. 17-20038-18, 2022 WL 17555410, at *1 n.1 (D. Kan. Dec. 9, 2022) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).
[18] *Id.*

Mr. Vilela argues that Judge Pead should be recused because he failed to include in his order "conclusions of law" and thus acted contrary to "rules, binding precedents."[19] There is no requirement for Judge Pead to have entered conclusions of law.[20] In any event, Judge Pead found that Defendants had shown "good cause and excusable neglect" based on their motion and corresponding declarations.[21] Additionally, he reasoned that the court "prefers to resolve disputes on the merits" and concluded that a brief extension would not prejudice Mr. Vilela.[22]

Next, Mr. Vilela contends that recusal is proper because he never consented to a magistrate judge under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.[23] While it is true that Mr. Vilela did not consent,[24] the case was properly referred to Judge Pead under 28 U.S.C. § 636(b)(1)(B).[25] Under this provision, the court may designate a magistrate judge to determine dispositive and non-dispositive pretrial matters.[26] "Unlike . . . § 636(c)(1), . . . § 636(b)(1)(B) does not require the consent of the parties."[27]

Regarding disqualification, Mr. Vilela discusses at length the need for judges to be impartial and how orders from disqualified judges are void.[28] He alleges that Judge Pead obstructed justice by "illegally t[aking] jurisdiction," ruled "without consent or jurisdiction," "undermine[d] the objective of the Constitution," "caused the plaintiff denial of equal protection

---

[19] Obj. to Extension of Time 1.
[20] *See* Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion.").
[21] ECF No. 28, at 1.
[22] *Id.*
[23] Obj. to Extension of Time 2 (citing *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 994 (10th Cir. 2000)).
[24] *See* ECF Nos. 6, 8.
[25] ECF No. 9.
[26] 28 U.S.C. § 636(b)(1).
[27] *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000).
[28] *See* Obj. to Extension of Time 2–4.

[and] due process," and "provided an unfair advantage for fellow B.A.R. members."[29] Besides the arguments that the court addresses above, Mr. Vilela offers no additional supporting facts or colorable arguments in support of his allegations. In effect, it appears that his contentions are "premised merely upon dissatisfaction with the conclusions reached by the court."[30]

Mr. Vilela has not left the court with a "definite and firm conviction that a mistake has been committed"[31] or shown that Judge Pead "applied an incorrect legal standard."[32] To the contrary, Judge Pead's decision was entirely appropriate. Federal Rule of Civil Procedure 6 allows extensions of time "for good cause" or "excusable neglect."[33] "This rule should be liberally construed to advance the goal of trying each case on the merits."[34] Defendants averred that they miscalculated the deadline to answer and that they responded promptly when they became aware of the missed deadline.[35] Judge Pead acted within his authority to grant a brief extension based on a finding of good cause and excusable neglect. As such, the court overrules Mr. Vilela's objection.

## II. The Court Overrules the Objection to the Clerk's Order Denying the Motions for Entry of Default.

Mr. Vilela raises several arguments in support of his objection to the Clerk's denial of his motions. First, Mr. Vilela contends that Defendants' "failure to . . . refute [his] allegations" mean that his allegations "must be taken as truth."[36] This argument is inapt. Defendants filed an

---

[29] *Id.* at 2, 4.
[30] *Leo v. Garmin Int'l, Inc.*, No. 10-2495, 2011 WL 1457937, at *1 (D. Kan. Apr. 15, 2011).
[31] *Gypsum*, 333 U.S. at 395.
[32] *Vivint*, 2020 WL 3871346, at *5.
[33] Fed. R. Civ. P. 6(b)(1).
[34] *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).
[35] Mot. to Extend 1–2; *see* Decl. of Christiana Biggs, ECF No. 25-1, filed Dec. 21, 2022; Decl. of Shaun Allen, ECF No. 25-2, filed Dec. 21, 2022.
[36] Obj. to Clerk's Order 1 (citing *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000)).

opposition to Mr. Vilela's motions for entry of default.[37] To respond to Mr. Vilela's reply brief, Defendants would have had to move for leave to file a surreply.[38] Even so, Mr. Vilela's proposition that a failure to respond to a reply brief means that the court must accept as true a party's arguments is simply wrong. Indeed, the cases that he cites in support are inapposite.[39]

Next, Mr. Vilela asserts that the Clerk's statement about a lack of prejudice has the impermissible effect of "assisting the defendants."[40] Under 28 U.S.C. § 955, "[t]he clerk of each court . . . shall not practice law in any court of the United States."[41] But Mr. Vilela offers no authority that supports the proposition that the Clerk is barred from addressing a motion for entry of default under Federal Rule of Civil Procedure 55.[42] This is not the practice of law, but the execution of the Clerk's duties.

Mr. Vilela also appears to contend that since Defendants "admitted on record it mistakenly missed the deadline" and "fail[ed] to comply with the rules," they are "not entitled to an extension of time to file."[43] In essence, Mr. Vilela advocates for a rule that should a party miss a deadline to answer, the Clerk must grant a motion for entry of default. The court declines to adopt such a rule. On the contrary, "[s]trong policies favor resolution of disputes on their

---

[37] *See* Opp'n to Default.
[38] *See* DUCivR 7-1(a)(8).
[39] The motions at issue are for entry of default, not to dismiss. *See Intercon*, 205 F.3d at 1247. The second cited case relates to the "adoptive admission" exception to hearsay. *See United States v. Wolf*, 839 F.2d 1387, 1395 & n.5 (10th Cir. 1988).
[40] Obj. to Clerk's Order 1.
[41] 28 U.S.C. § 955.
[42] Fed. R. Civ. P. 55; *see, e.g.*, *Corp. Lodging Consultants, Inc. v. Forman Indus., Inc.*, No. 22-1139, 2022 WL 3910664, at *1 (D. Kan. Aug. 31, 2022) ("[P]laintiff was not entitled to default judgment when the clerk had not yet entered default under Rule 55(a), which is a 'prerequisite for the entry of a default judgment under Rule 55(b)(1)'" (quoting *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (unpublished))).
[43] Obj. to Clerk's Order 2.

merits[.]"[44] The Clerk acknowledged this legal principle and noted that while the responsive pleading might be untimely, "there appear[ed] to be no prejudice . . . because of the delay."[45]

Last, Mr. Vilela contends that Defendants' statement that his "claims are meritless on its face is vague."[46] Mr. Vilela seems to argue that the Clerk should have entered default because his Amended Complaint raises valid claims.[47] Yet the Clerk did not enter default precisely *because* "courts prefer to resolve disputes on the merits."[48] Allowing the case to proceed will permit the court to address the merits of the case. For these reasons, the Clerk's order was not clearly erroneous or contrary to law and the court overrules the objection.

## ORDER

Accordingly, the court OVERRULES Plaintiff's Objection to Magistrate Judge Decision to District Court re Order Granting Motion for Extension of Time to Answer.[49] The court also OVERRULES Plaintiff's Objection to Clerk's Order Denying Motions for Entry of Default.[50]

Signed January 9, 2023.

BY THE COURT

_____
David Barlow
United States District Judge

---

[44] *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (citation omitted).
[45] Order Denying Default.
[46] Obj. to Clerk's Order 3.
[47] *See id.* (arguing the merits).
[48] Order Denying Default.
[49] ECF No. 30.
[50] ECF No. 29.