THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PEDRO M. VILELA,<br><br>               Plaintiff,<br><br>v.<br><br>OFFICE OF RECOVERY SERVICES; STATE OF UTAH CHILD SUPPORT ENFORCEMENT; LIESA STOCKDALE, in her official and private capacity; UTAH COUNTY FOURTH DISTRICT COURT; AMY JONKHART, in her official and private capacity; and MARIAN H. ITO, in her official and private capacity,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [37] OBJECTION TO THE MAGISTRATE JUDGE'S RULING & ORDER AND ADOPTING [36] REPORT AND RECOMMENDATION**<br><br>Case No. 2:22-cv-00699-DBB-DBP<br><br>District Judge David Barlow |

       The matter before the court is pro se Plaintiff Pedro M. Vilela's ("Mr. Vilela") objection to Chief Magistrate Judge Dustin B. Pead's Report and Recommendation.[1] The magistrate judge recommended that the court deny Defendants Office of Recovery Services ("Utah Recovery Services"), State of Utah Child Support Enforcement, Liesa Stockdale ("Ms. Stockdale"), Utah County Fourth District Court, Amy Jonkhart, and Marian Ito's (collectively "Defendants") Motion to Dismiss Amended Complaint[2] without prejudice.[3] The magistrate judge also

---

[1] Obj. to the Magistrate's Ruling & Order ("Obj. to Ruling"), ECF No. 37, filed Mar. 29, 2023.
[2] Mot. to Dismiss Am. Compl. ("MTD"), ECF No. 23, filed Dec. 21, 2022.
[3] Ruling & Order 6, ECF No. 36, filed Mar. 23, 2023.

1

recommended that the court order Mr. Vilela to file a second amended complaint.[4] For the reasons below, the court overrules the objection and adopts the Report and Recommendation.

## BACKGROUND[5]

On November 16, 2022, Mr. Vilela filed his Amended Complaint.[6] His Amended Complaint is very difficult to understand, consisting primarily of numerous oblique references to voluminous regulatory, statutory, and constitutional provisions, together with case law cites and definitions. From the limited facts provided, it appears that Plaintiff asserts his employer subjected him to income withholding for failure to pay child support.[7] When he asked his employer for a copy of the court order authorizing the withholding, the company directed him to Utah Recovery Services.[8] Mr. Vilela then requested authenticating documents and proof of a valid court order from the agency's director, Ms. Stockdale.[9] Neither Ms. Stockdale nor Utah Recovery Services produced the requested information.[10] Mr. Vilela subsequently lost his job.[11]

Asserting a 42 U.S.C. § 1983 claim, Mr. Vilela alleges peonage, fraud, dissemination of false advertisements, and violations of various constitutional rights.[12] He claims Defendants' purported violations caused his job loss, "debt[, and] economic suffering."[13] For relief, Mr. Vilela requests that the court "terminate the current private for profit contractually enforced [child support] case effective immediately to end the peonage and deprivations of his Rights;"

---

[4] *Id.*
[5] The court assumes as true all factual allegations asserted in the complaint. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010).
[6] *See* Am. Compl., ECF No. 12, filed Nov. 16, 2022.
[7] *Id.* at 6.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at 4–5.
[13] *Id.*

2

award damages in the amount of $4,500 for income withholding, $2,500 from each defendant for costs, and $2,000,000 from each defendant for damages; issue judgment to remove negative credit reporting; and require Defendants to write apology letters.[14]

Defendants moved to dismiss the Amended Complaint on December 21, 2022.[15] They argued for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6).[16] On December 25, 2022, Mr. Vilela filed an opposition.[17] No reply was filed. On March 23, 2023, the magistrate judge recommended that the court deny the motion to dismiss without prejudice.[18] One week later, Mr. Vilela filed a timely objection.[19]

## STANDARD

"When a magistrate judge's decision concerns a dispositive matter, the [magistrate] judge is only to recommend a disposition and, upon timely objection by one of the parties, the district court judge is to review the . . . recommendation de novo."[20] "To preserve an issue for de novo review, . . . objections must be 'sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute.'"[21] Otherwise, for "portions of the recommendation to which no timely and specific objection has been made, the district judge may review the magistrate judge's factual and legal conclusions under any standard the district judge

---

[14] *Id.* at 10.
[15] *See* MTD.
[16] *Id.* at 1.
[17] ECF No. 26.
[18] Ruling & Order 6.
[19] *See* Obj. to Ruling; Fed. R. Civ. P. 72(b)(2) (objections due within fourteen days).
[20] *Hetland v. Beauchesne*, No. 2:15-mc-00299, 2016 WL 3079717, at *2 (D. Utah May 31, 2016) (citing Fed. R. Civ. P. 72(b)).
[21] *Bolling v. Colo. Dep't of Corr.*, No. 1:20-cv-01004, 2023 WL 2467336, at *1 (D. Colo. Mar. 2, 2023) (quoting *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)).

deems appropriate."[22] "This court generally reviews unobjected-to portions of a report and recommendation for clear error."[23]

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts that, if true, 'state a claim to relief that is plausible on its face.'"[24] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] The court "need not accept threadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements, or allegations plainly contradicted by properly considered documents or exhibits."[26]

## DISCUSSION

The threshold issue is whether the court applies a de novo or clear error standard of review to Mr. Vilela's objections. The court then analyzes the magistrate judge's recommendation to deny the motion to dismiss without prejudice and order Mr. Vilela to file a second amended complaint.

### I. The Proper Standard of Review Is Clear Error.

Mr. Vilela raises two general objections. He first claims he never consented to the magistrate judge's authority and the court's failure to recuse the magistrate judge violates his due process rights.[27] Next, he asserts that the court's refusal to "resolv[e] all the factual disputes in [his] favor . . . goes against the court['s] duty, Code of Judicial Conduct, due process[,] and the

---

[22] *Id.* (citing *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)).
[23] *Zloza v. Indus. Co.*, No. 4:23-cv-00017, 2023 WL 2760784, at *1 (D. Utah Apr. 3, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)).
[24] *Clinton v. Sec. Benefit Life Ins.*, No. 21-3035, 2023 WL 2657306, at *5 (10th Cir. Mar. 28, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[25] *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).
[26] *Clinton*, 2023 WL 2657306, at *5 (cleaned up).
[27] *See* Obj. to Ruling 1–3.

United States Code[.]"[28] Simply put, Mr. Vilela's objections do not relate to Defendants' motion to dismiss. They are not specific enough to focus the court on the factual or legal issues in dispute. Mr. Vilela simply rehashes the consent argument[29] that the court has previously rejected.[30] And his second objection is vague, conclusory, and without sufficient support.[31]

As such, the court reviews the report and recommendation for clear error. "This standard of review is something less than a 'clearly erroneous or contrary to law' standard of review, which in turn is less than a de novo review."[32] The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation[.]"[33]

## II. The Court Finds No Clear Error in the Report and Recommendation.

The magistrate judge addressed one question in his report and recommendation to which there has been an objection: whether the Amended Complaint satisfied Federal Rule of Civil Procedure 8(a). Rule 8 "requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[34] "Each allegation must be simple, concise, and direct."[35] Even for a pro se litigant,[36] the "complaint must explain what each defendant did to

---

[28] *Id.* at 3.
[29] *See* ECF No. 29; ECF No. 30.
[30] *See* ECF No. 31, at 4 ("While it is true that Mr. Vilela did not consent, the case was properly referred to Judge Pead under 28 U.S.C. § 636(b)(1)(B). Under this provision, the court may designate a magistrate judge to determine dispositive and non-dispositive pretrial matters." (citations omitted)).
[31] *See Martin v. Utah*, No. 2:20-cv-00006, 2023 WL 2570067, at *4 (D. Utah Mar. 20, 2023).
[32] *Jennings v. Walsh*, No. 21-cv-03428, 2023 WL 2743275, at *1 (D. Colo. Mar. 31, 2023).
[33] *Vora v. New Iridium, Inc.*, No. 1:22-cv-0991, 2022 WL 18456147, at *4 (D. Colo. Dec. 13, 2022) (quoting Fed. R. Civ. P. 72(b) Advisory Committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879))).
[34] *Just Us Realtors, LLC v. Nudge, LLC*, No. 2:18-cv-00128, 2019 WL 2526731, at *3 (D. Utah June 19, 2019) (quoting Fed. R. Civ. P. 8(a)).
[35] Fed. R. Civ. P. 8(d).
[36] Pro se litigants are generally held to "less stringent standards . . . , and their filings are 'to be liberally construed.'" *Bramhall v. Gill*, No. 2:19-cv-00477, 2023 WL 2706736, at *5 (D. Utah Mar. 30, 2023) (citation omitted) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Mr. Vilela's "pro se status, however, 'does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure.'" *Id.*

5

him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[37] A complaint alleging constitutional violations must "set out sufficient specificity to give defendants notice, should plead the involvement of each defendant in the alleged constitutional violation, and should clarify what constitutional right has been violated."[38]

Here, the magistrate judge concluded that the amended pleading failed to satisfy Rule 8 and did not state a plausible claim. In particular, the magistrate judge found that Mr. Vilela merely "recites general grievances, makes vague and conclusory statements[,] and relies upon definitions, statutes and citations whose relevance is unclear."[39] Ultimately, the magistrate judge found that the complaint has no "specific factual allegations to support [the] § 1983 claims, or any of [the] other claims, and therefore fails to state a plausible claim for relief."[40] Still, the magistrate judge recommended denying Defendants' Motion to Dismiss the Amended Complaint and giving Mr. Vilela leave to file a second amended complaint.[41]

Having considered the Amended Complaint, the Report and Recommendation, and the instant objection, the court finds no clear error in the magistrate judge's analysis. And the result would be no different under a de novo review standard: the complaint does not meet Rule 8's minimum pleading requirements nor the plausibility requirement.

---

(quoting *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)). "[I]t is [not] the proper function of the district court to assume the role of advocate . . . ." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[37] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).
[38] *Betts v. Allied Cementing Co.*, No. CIV. A. 89-2236-S, 1989 WL 118509, at *1 (D. Kan. Sept. 19, 1989); *see also Bond v. U.S. Dep't of Just.*, 828 F. Supp. 2d 60, 76 (D.D.C. 2011) (citation omitted).
[39] Ruling & Order 5.
[40] *Id.* at 6.
[41] *Id.*

## ORDER

Accordingly, the court OVERRULES Plaintiff's Objection to the Magistrate's Ruling & Order.[42] Chief Magistrate Judge Pead's Report and Recommendation[43] is ADOPTED. The court DENIES WITHOUT PREJUDICE Defendants' Motion to Dismiss Amended Complaint.[44] Plaintiff is ORDERED to file a second amended complaint no later than May 8, 2023.

Signed April 6, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[42] ECF No. 37.
[43] ECF No. 36.
[44] ECF No. 23.