THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PEDRO M. VILELA,<br><br>           Plaintiff,<br><br>v.<br><br>OFFICE OF RECOVERY SERVICES; STATE OF UTAH CHILD SUPPORT ENFORCEMENT; LIESA STOCKDALE in her official and private capacity; UTAH COUNTY FOURTH DISTRICT COURT; AMY JONKHART, in her official and private capacity; and MARIAN H. ITO, in her official and private capacity,<br><br>           Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>• **OVERRULING PLAINTIFF'S [43] OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br>• **ADOPTING [42] REPORT AND RECOMMENDATION**<br>• **DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:22-cv-00699-DBB-DBP<br><br>District Judge David Barlow |

Before the court is United States Chief Magistrate Judge Dustin B. Pead's Report and Recommendation to dismiss Plaintiff Pedro M. Vilela's ("Mr. Vilela") action without prejudice.[1] Mr. Vilela filed a timely objection.[2] For the reasons below, the court overrules Mr. Vilela's objection, adopts the Report and Recommendation, and dismisses his action without prejudice.

## BACKGROUND

Mr. Vilela filed his Amended Complaint on November 16, 2022.[3] Defendants filed a motion to dismiss for failure to state a claim on December 21, 2022.[4] The magistrate judge

---

[1] R. & R. 3, ECF No. 42, filed June 13, 2023.
[2] Pl. Obj. to Mag. J. R. & R. ("Obj. to R. & R."), ECF No. 43, filed June 26, 2023; *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.
[3] ECF No. 12.
[4] ECF No. 23.

1

recommended that the court deny without prejudice Defendant's motion and ordered Mr. Vilela to file a second amended complaint.[5] Mr. Vilela objected.[6] The court overruled the objection, adopted the magistrate judge's recommendation, and ordered Mr. Vilela to file a second amended complaint by May 8, 2023.[7] Mr. Vilela has failed to do so.[8] He instead filed an objection to the court's order[9] and two requests to submit for decision.[10]

Consequently, the magistrate judge issued a second report and recommendation on June 13, 2023.[11] The magistrate judge recommended dismissal of Mr. Vilela's action without prejudice for failure to comply with the court's order.[12] Mr. Vilela filed his objection on June 26, 2023.[13]

**STANDARD**

The court conducts a de novo review of any part of a report and recommendation for which a plaintiff offers a timely and proper objection. To trigger this de novo review, an objection must adequately specify the factual and legal issues in dispute.[14] "[G]eneral objection[s] [are] insufficient" to preserve the issue for appellate review.[15] This court "reviews unobjected-to portions of a report and recommendation for clear error."[16]

---

[5] ECF No. 36, filed Mar. 23, 2023.
[6] ECF No. 37, filed Mar. 29, 2023.
[7] ECF No. 38, at 7, filed Apr. 6, 2023.
[8] *See* Docket.
[9] ECF No. 39, filed Apr. 20, 2023. Mr. Vilela offers no procedural basis for objecting to the court's order.
[10] ECF No. 40, filed May 1, 2023; ECF No. 41, filed May 15, 2023.
[11] *See* R. & R.
[12] *Id.* at 2.
[13] *See* Obj. to R. & R.
[14] *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).
[15] *Moore v. Astrue*, 491 F. App'x 921, 923 (10th Cir. 2012) (unpublished) (citing *2121 E. 30th St.*, 73 F.3d at 1060).
[16] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah June 16, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

2

## DISCUSSION

Mr. Vilela offers multiple rationales for why the court should sustain his objection. None appropriately address the underlying reason for the recommendation to dismiss. First, Mr. Vilela claims that the magistrate judge exceeded his authority by filing a document titled "RULING & ORDER."[17] He therefore contends he does not have to abide by the magistrate judge's order to file a second amended complaint.[18] Yet instead of recommending dismissal for failure to meet Rule 8's pleading standard, the magistrate judge afforded Mr. Vilela, a pro se litigant, the opportunity to file a second amended complaint.[19] The magistrate judge recommended the denial of Defendants' Motion to Dismiss, ordered Mr. Vilela to file a second amended complaint by April 24, 2023, and warned that failure to do so "may result in a recommendation to dismiss th[e] action."[20] Nothing about this order exceeded the magistrate judge's authority under 28 U.S.C. § 636(b)(1)(B), something which the court explained to Mr. Vilela previously.[21] In addition to the magistrate judge's order, this court also ordered Mr. Vilela to file a second amended complaint by May 8, 2023.[22] He has not done so.

Mr. Vilela spends much of his objection making various accusations. He contends that the magistrate judge is "on the record making false statements to this court," is "clearly on [the] record admitting to the fact that he violated the statute that governs him[,]" and "has been disregarding the law since the start of this case[.]"[23] What is more, he contends this court erred

---

[17] Obj. to R. & R. 4.
[18] *Id.* at 9 (asserting that the report and recommendation is "void" and "null in its entirety").
[19] *See* ECF No. 36, at 4–6 (explaining the pleading's deficiencies and offering suggestions for how to fix them).
[20] *Id.* at 6.
[21] ECF No. 31, at 4.
[22] ECF No. 38, at 7.
[23] Obj. to R. & R. 2, 5, 8.

when it "allow[ed] the magistrate to attempt to cover up his violation of the statute [and] established law[,]" leading to a violation of his due process.[24] Mr. Vilela also alleges criminal conspiracy to "deliberately depriv[e]" him of constitutional rights,[25] intentional concealment of the magistrate judge's purported felonious actions,[26] and willful deception.[27]

In short, Mr. Vilela offers a general objection and casts unfounded aspersions. His "objection lacks specificity, fails to identify any factual or legal error, and makes no effort to focus the [c]ourt's attention on the alleged error."[28] As such, the court reviews for clear error. Doing so, the court finds no clear error on the face of the magistrate judge's report and recommendation. But even under a de novo standard, the result would be the same. As the magistrate judge's report and recommendation noted, Mr. Vilela has shown the ability to file numerous legal documents, including pleadings, motions, objections, and requests for decision.[29] He also clearly understands that both the magistrate judge and the undersigned have directed him to file a second amended complaint. In short, the record reflects that Mr. Vilela is not confused about what he needs to do (file a second amended complaint to address the deficiencies identified in the magistrate judge's order[30]), nor does he lack the ability to take the required action. Instead, he simply does not want to comply with the orders issued.

---

[24] *Id.* at 5.
[25] *Id.* (citing 18 U.S.C. § 241).
[26] *Id.* at 6 (citing 4 U.S.C. § 4).
[27] *Id.* at 8 (comparing ECF No. 36 with ECF No. 38).
[28] *Moore*, 491 F. App'x at 922.
[29] *E.g.*, ECF Nos. 12, 20, 32, 34, 40.
[30] ECF No. 36, at 4–5.

This court has inherent authority to dismiss a case for lack of prosecution.[31] On March 23, 2023, Mr. Vilela was ordered to file a second amended complaint.[32] Three months have passed, and instead of addressing the deficiencies in his amended complaint, he has spent the time filing five different documents (three sets of objections and two requests for decision[33]) in an effort to avoid compliance. It now seems clear that Mr. Vilela does not intend to file a second amended complaint, but instead to continue insisting that he need not. Accordingly, the court dismisses the action, though it does so without prejudice. A litigant's "pro se status does not relieve him of the obligation to comply with procedural rules,"[34] nor does it permit the litigant to refuse to comply with court orders.

## ORDER

For these reasons, the court OVERRULES Plaintiff's Objection to Magistrate Judge's Report and Recommendation.[35] The Report and Recommendation is ADOPTED.[36] The court DISMISSES without prejudice Plaintiff's action.

Signed June 28, 2023.

BY THE COURT

_____
David Barlow
United States District Judge

---

[31] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."); *see Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962); Fed. R. Civ. P. 41(b).
[32] ECF No. 36, at 6.
[33] ECF Nos. 37, 39–41, 43.
[34] *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).
[35] ECF No. 43.
[36] ECF No. 42.