THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PEDRO M. VILELA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>OFFICE OF RECOVERY SERVICES; STATE OF UTAH CHILD SUPPORT ENFORCEMENT; LIESA STOCKDALE in her official and private capacity; UTAH COUNTY FOURTH DISTRICT COURT; AMY JONKHART, in her official and private capacity; and MARIAN H. ITO, in her official and private capacity,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [47] MOTION FOR RECONSIDERATION**<br><br>Case No. 2:22-cv-00699-DBB-DBP<br><br>District Judge David Barlow |

Before the court is Plaintiff Pedro M. Vilela's ("Mr. Vilela") Motion for Reconsideration.[1] Mr. Vilela asks the court to reconsider its memorandum decision and order adopting the magistrate judge's report and recommendation and dismissing the action without prejudice.[2] For the reasons explained below, the court denies the motion.

**BACKGROUND**

On June 13, 2023, the magistrate judge recommended that this court dismiss Mr. Vilela's case with prejudice for his failure to file a second amended complaint.[3] Mr. Vilela filed a timely objection thirteen days later.[4] On June 28, 2023, the court overruled the objection and adopted

---

[1] Mot. for Recons., ECF No. 47, filed June 30, 2023.
[2] ECF No. 44, filed June 28, 2023.
[3] ECF No. 42, at 3.
[4] ECF No. 43.

1

the report and recommendation.[5] The court dismissed the action without prejudice for failure to prosecute.[6] Mr. Vilela lodged an objection the next day.[7] He filed the instant Motion for Reconsideration on June 30, 2023.[8]

## STANDARD

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may move the court to alter or amend its prior judgment.[9] Relief may be warranted due to "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."[10] "[A] motion for reconsideration is properly granted only when 'the court has misapprehended the facts, a party's position, or the controlling law.'"[11] It "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."[12] The court "is vested with considerable discretion" when deciding a motion to alter the judgment.[13] While Mr. Vilela's pro se filing is construed liberally, the court does not "assume the role of advocate."[14]

## DISCUSSION

Mr. Vilela's expansive motion for reconsideration centers on one issue: the magistrate judge's order filed on March 23, 2023.[15] The magistrate judge recommended the court deny

---

[5] *See* ECF No. 44.
[6] ECF No. 45.
[7] ECF No. 46, filed June 29, 2023.
[8] *See* Mot. for Recons.
[9] Fed. R. Civ. P. 59(e).
[10] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).
[11] *Pueblo of Jemez v. United States*, 63 F.4th 881, 897 (10th Cir. 2023) (quoting *Servants of Paraclete*, 204 F.3d at 1012).
[12] *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008) (quoting 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995)).
[13] *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996).
[14] *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (citation omitted).
[15] Ruling & Order, ECF No. 36.

without prejudice Defendants' motion to dismiss and ordered Mr. Vilela to file a second amended complaint.[16] Mr. Vilela argues, not for the first time,[17] that the magistrate judge exceeded his authority to issue an order under 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and District of Utah Local Rule of Civil Practice 72-2. In short, Mr. Vilela contends the court's failure to correct this error is a "manifest error[] of law."[18]

Mr. Vilela identifies no intervening change in the controlling law or new evidence previously unavailable. The only possible remaining basis for relief would be clear error or manifest injustice. Having reviewed Mr. Vilela's motion, relevant statutes, and pertinent case law, the court finds no clear error or manifest injustice. Mr. Vilela first notes that he did not consent to a magistrate judge.[19] Because he did not consent, the undersigned presided over the case with the magistrate judge having authority pursuant to 28 U.S.C. § 636(b)(1)(B).[20] This statute gives a magistrate judge "authority to issue a report and recommendation on any of the dispositive matters listed in . . . § 636(b)(1)(A), as well as the authority to rule upon any nondispositive pretrial matters."[21] Such "authority is not contingent on Mr. [Vilela]'s consent to the magistrate [judge]'s participation."[22]

---

[16] *Id.* at 6.
[17] *See* ECF Nos. 37, 39, 43.
[18] Mot. for Recons. 10 (citing *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005)).
[19] *Id.* at 4.
[20] ECF No. 9; *see First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).
[21] *Catlin v. Salt Lake City Sch. Dist.*, No. 2:08-cv-00362, 2009 WL 4233793, at *1 (D. Utah Nov. 23, 2009) (citing *Doe v. Nevada Crossing, Inc.*, 920 F. Supp. 164, 165 (D. Utah 1996)); *see United States v. Finnesy*, 953 F.3d 675, 685 (10th Cir. 2020); *Smith*, 229 F.3d at 995 ("Magistrates may issue orders as to non-dispositive pretrial matters . . . [and w]hile magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations[.]" (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461 (10th Cir. 1988))).
[22] *Schamp v. Schemm*, No. 97-3307, 1998 WL 88332, at *1 n.1 (10th Cir. Mar. 3, 1998) (unpublished).

Mr. Vilela next contends that the magistrate judge lacked authority to order him to file a second amended complaint.[23] Not so. The magistrate judge "may determine any preliminary matter and conduct any necessary evidentiary hearing or other proceeding arising in the exercise of [his] authority."[24] Here, the magistrate judge made no dispositive ruling as to Mr. Vilela's claims or action.[25] On the contrary, the one dispositive matter concerned Defendants' motion to dismiss. And the magistrate judge only recommended denying Defendants' motion. The court adopted the magistrate judge's recommendation and denied the motion to dismiss.[26] Later, the magistrate judge recommended, not ordered, that the court dismiss Mr. Vilela's action.[27] The court adopted the magistrate judge's recommendation and did so.[28] For these reasons, Mr. Vilela's contention that the magistrate judge lacked authority is meritless.[29]

Of course, not only the magistrate judge, but also the undersigned district court judge, ordered Mr. Vilela to file a second amended complaint. This was because the first amended complaint did not meet the required pleading standards.[30] Mr. Vilela contends he did not have to follow the magistrate judge's order because it was "null and void [and] this court has not proven other wise [sic]."[31] But even if Mr. Vilela were correct in his belief that the magistrate judge lacked the authority to either recommend or order him to file an amended complaint, the

---

[23] Mot. for Recons. 5.
[24] DUCivR 72-2(c); *see* Fed. R. Civ. P. 72.
[25] *See, e.g.*, 28 U.S.C. § 636(b)(1)(A) ("motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action").
[26] ECF No. 38, at 7.
[27] ECF No. 42, at 3.
[28] ECF No. 44, at 5.
[29] *See Bailey v. U.S. Dep't of Agric.*, 59 F.3d 141, 142 (10th Cir. 1995).
[30] *See* Ruling & Order 3–6.
[31] Mot. for Recons. 7.

undersigned also ordered him to file the amended pleading.[32] Mr. Vilela failed to comply with this court's order. For that reason, the court dismissed his action without prejudice for lack of prosecution.[33]

The motion for reconsideration does not contain any other plausible justification for relief. Mr. Vilela does reference *Ehrenhaus v. Reynolds*[34] and complains that the court did not consider the *Ehrenhaus* factors before dismissing his action.[35] But the Tenth Circuit has made it clear that "when, as here, the dismissal is <u>without prejudice</u>, consideration of those factors is not required."[36] Mr. Vilela also cites the Tenth Circuit's decision in *Nasious v. Two Unknown B.I.C.E. Agents*,[37] but that case involved a dismissal with prejudice—not, as is the case here, a dismissal without prejudice. The *Nasious* court noted that "[e]mploying Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 of course allows the plaintiff another go at trimming the verbiage; accordingly a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."[38]

For all of the foregoing reasons, Mr. Vilela fails to show he is entitled to relief.

## ORDER

Accordingly, the court DENIES Plaintiff's Motion for Reconsideration.[39]

---

[32] ECF No. 38, at 7.
[33] ECF No. 44, at 4–5.
[34] 965 F.2d 916 (10th Cir. 1992).
[35] *See* Mot. for Recons. 9.
[36] *Black v. Larimer County*, 722 F. App'x 763, 767 (10th Cir. 2018) (unpublished); *see AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("Here, the district court dismissed [the] case without prejudice, so it was not required to consider the criteria applicable to a dismissal with prejudice.").
[37] F.3d 1158 (10th Cir. 2007).
[38] *Id.* at 1162.
[39] ECF No. 47.

Signed July 7, 2023.

                              BY THE COURT

                              _____
                              David Barlow
                              United States District Judge